UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21436-CIV-HOEVELER

CARMEN SUEIRO and
JORGE VILAPIANA,

     Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC.,

     Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

BEFORE the Court is Countrywide Home Loans, Inc.'s motion to dismiss the complaint. The motion has been fully briefed and is ripe for resolution. For the reasons that follow, the motion is GRANTED in part and DENIED in part.

### Background

In March of 2007, the plaintiffs applied for a Countrywide mortgage to refinance their principal home in Coral Gables. The plaintiffs provided information about their finances and income, which, according to the complaint, Countrywide or its agents then grossly overstated in processing the loan application, thereby qualifying the plaintiffs for a $825,000 mortgage they were unable to repay. The transaction closed on March 29, 2007, but the

plaintiffs soon stopped making payments and filed this lawsuit on May 28, 2009. The plaintiffs contend that the loan transaction was fraudulent under Florida law and violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., because Countrywide did not make the necessary disclosures. The plaintiffs seek damages and rescission of the transaction.

In its motion to dismiss, Countrywide argues that, (1) the plaintiffs are not entitled to rescission under 15 U.S.C. § 1635; (2) the claim for damages is barred by the one-year statute of limitations in 15 U.S.C. § 1640(e); and (3) the plaintiffs have not pled their fraud claims in Counts II and III with the required particularity.[1]

I.

The Truth in Lending Act requires creditors to provide borrowers with certain disclosures regarding things like finance charges, interest rates, and borrower's rights. See 15 U.S.C. §§ 1631, 1632, 1635, 1638. If a creditor fails to make a required disclosure, or violates another requirement of the statute, the borrower may sue for statutory and actual damages within one year of the violation. See 15 U.S.C. § 1640(e).

In addition to providing a right to damages, TILA also permits a borrower whose loan is secured by a "principal dwelling" to

---

[1] Countrywide's contention that the plaintiffs' fraud claims are time-barred was raised for the first time in its reply brief and is not properly before the Court on this motion.

rescind the loan transaction entirely until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a). If the lender fails to deliver the appropriate forms and disclosures, the borrower's right of rescission lasts three years after consummation of the transaction (or upon sale of the property, whichever comes first). See 15 U.S.C. § 1635(f).

In its motion to dismiss, Countrywide first argues that the loan is a non-rescindable "residential mortgage transaction," as defined by section 1602(w). See 15 U.S.C. § 1635(e)(1). Section 1602(w) defines a "residential mortgage transaction" as a "transaction in which a mortgage. . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). The plaintiffs' mortgage was not for the acquisition or initial construction of a dwelling; it was a refinancing mortgage on a property they already owned. Therefore, transaction is covered by the rescission rules. See Parker v. Potter, 2008 WL 4539432 *2 (M.D. Fla 2008) (refinancing not exempted from the right of rescission).

Second, Countrywide argues that it is too late for the plaintiffs to seek rescission, because the three-day, rather than the three-year rescission period applies. Countrywide draws

3

attention to the fact that it furnished the required "Notice of Right to Cancel" on March 29, 2007, advising the plaintiffs they had three days to rescind the transaction. Although this form is one of the disclosures required by section 1635, it is not the only one. The three-day rescission period begins once the lender provides "the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter"; if the necessary disclosures are not made, a borrower may rescind for up to three years. According to the factual allegations in the complaint, which are assumed to be true at this stage in the case, Countrywide committed numerous disclosure violations. If true, the plaintiffs are entitled to rescind within three years of the closing. See 15 U.S.C. § 1635(f). In short, the right of rescission applies to the plaintiffs' mortgage and their rescission claim is not time-barred.

II.

Countrywide next asserts that the plaintiffs' claim for actual or statutory damages relating to Countrywide's alleged disclosure violations is barred by the one-year statute of limitations in section 1640(e). Under the civil liability provisions of section 1640, a creditor who fails to comply with any requirement imposed by TILA, including a requirement under section 1635, is liable to the individual borrower for actual damages or, in the case of an action relating to a credit transaction not under an open end credit plan that is secured by a home, statutory damages of not

4

less than $400 or greater than $4,000. 15 U.S.C. § 1640(a)(1)-(4).
An action for damages must be brought within "one year from the
date of the occurrence of the violation." 15 U.S.C. § 1640(e).
Because of the limitations period, the plaintiffs' cannot seek
damages for disclosure violations that occurred at the closing,
which was more than a year before the plaintiffs filed this
lawsuit.[2]

### III.

Countrywide contends that the fraud claims in Counts II and
III must be dismissed because the plaintiffs did not comply with
the pleading requirements in Rule 9(b) of the Federal Rules of
Civil Procedure. In response, the plaintiffs have requested an
opportunity to amend their complaint. The plaintiffs' request is
granted, and they are given 20 days to present the fraud claims in
compliance with Rule 9. Accordingly, it is hereby,

ORDERED AND ADJUDGED: The defendant's motion to dismiss is
GRANTED in part and DENIED in part. The plaintiffs' claim for
actual or statutory damages for Countrywide's disclosure violations

---

[2] On the other hand, the pleadings give no indication about
when Countrywide refused to acknowledge the plaintiffs' right to
rescind. To the extent the plaintiffs seek damages for TILA
violations that occurred after the closing, these claims are not
necessarily barred by the statute of limitations. See Aquino v.
Public Finance Consumer Discount Co., 606 F. Supp. 504, 511 (E.D.
Pa. 1985) ("Congress explicitly allowed for rescission suits after
disclosure suits and explicitly provided a statutory damages
penalty for rescission violations.").

5

is DISMISSED. All other claims may continue. The plaintiffs are given 20 days to amend the complaint regarding the fraud claims in Counts II and III.

DONE AND ORDERED in Miami, Florida, ~~August~~ Sept. 11 , 2009.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

6